ANNA MATZ *vs.* ST. PAUL CITY RY. CO.

Argued Dec. 20, 1892.    Decided Jan. 10, 1893.

**Insufficient Guard Rail to Rear Platform of Street Railway Car.**

    *Held* that, under the evidence, it was a question for the jury whether the defendant, which permitted and invited passengers to ride on the rear platforms of its cars, was negligent in not protecting the platforms with guards of sufficient height to prevent passengers from falling off.

**Riding on Rear Platform without Laying Hold of the Car.**

    Also, that under the circumstances it was a question for the jury
· whether plaintiff's intestate was negligent in riding on the platform without laying hold of the car for the purpose of supporting himself.

**To Stand on such Platform not Negligence *per se.***

    Standing on the rear platform of a moving street car, even when there is room inside, is not, under ordinary circumstances, negligence *per se*, at least in the absence of any published rule of the carrier forbidding it.

Appeal by defendant, the St. Paul City Railway Company, from an order of the District Court of Ramsey County, *Kerr*, J., made February 4, 1892, granting plaintiff a new trial.

On July 15, 1890, William Matz was riding as a passenger on one of defendant's street cars. He was standing on the rear platform of a horse car on the Lafayette and Greenbriar Line in St. Paul and fell over the guard rail on the dasher of the rear platform and fractured his skull as he struck the ground. He died of the injury. The plaintiff, Anna Matz, was on October 30, 1890, appointed by the Probate Court of Ramsey county administratrix of his estate. She next day brought this action to recover $10,000 damages, claiming his death was caused by the negligence of defendant in not supplying the car with a guard rail on the rear dasher, of sufficient hight to prevent his falling over it while riding there.

At the close of plaintiff's evidence the court, on defendant's motion, dismissed the action on the ground that there was not sufficient proof of negligence to sustain a verdict for plaintiff. She moved for a new trial for error in not submitting the question of negligence to the jury. The court granted the motion and ordered a new trial. Defendant appeals.

*Henry J. Horn,* for appellant.

The evidence was insufficient to sustain the plaintiff's case, and therefore the action was properly dismissed on defendant's motion, and the court below erred in granting the plaintiff a new trial. *Scott* v. *London Dock Co.,* 3 Hurl. & C. 596; *Morris* v. *New York Cent. & Hudson Riv. R. Co.,* 106 N. Y. 678.

There was some evidence that the track was rough and the car sometimes rocked in going over it. The roughness of the track, as far as any evidence shows, was the unevenness of the ground over which the rails were laid, and for which the defendant was not responsible. *Hayes* v. *Forty-Second St. & Grand St. Ferry R. Co.,* 97 N. Y. 259.

The deceased was chargeable with contributory negligence. He would have been entirely safe within the body of the car, and the evidence shows he might have taken his position there either sitting, or at least standing, with entire security, and that his taking a more dangerous and exposed position on the outer or rear platform was his own choice and unnecessary. *Oviatt* v. *Dakota Cent. Ry. Co.,* 43 Minn. 300.

*J. L. MacDonald,* for respondent.

The plaintiff's intestate was a passenger on the car from which he was thrown and killed. Street railway companies, as carriers of passengers for hire, are bound to exercise the highest degree of care and diligence consistent with the nature of their undertaking, and are responsible for the slightest negligence. *Smith* v. *St. Paul City Ry. Co.,* 32 Minn. 1.

The burden of overcoming the presumption of negligence arising from accident, is on the carrier. *Louisville, N. A. & C. Ry. Co.* v. *Snyder,* 117 Ind. 435; *Wilson* v. *Northern Pacific R. Co.,* 26 Minn. 278; *Watson* v. *St. Paul City Ry. Co.,* 42 Minn. 46.

The accident being proved beyond dispute, it was the sole province of the jury to decide whether the facts proved and relied upon by plaintiff constituted negligence. *Bennett* v. *Syndicate Ins. Co.,* 39 Minn. 254; *Abbett* v. *Chicago, M. & St. P. Ry. Co.,* 30 Minn. 482.

It was shown to be the practice and custom of defendant to carry

passengers on that line upon the platform of its cars. It provided the means for passengers to pay their fares when so riding on the platform. The track where the deceased fell was very rough and the cars rocked when going over it. If the railing upon that car had been as high as it was upon other cars of defendant, the deceased would not have fallen off.

It is not negligence upon the part of a passenger to ride upon the platform of such a street car. *Upham* v. *Detroit City Ry. Co.*, 85 Mich. 12; *Connolly* v. *Knickerbocker Ice Co.*, 114 N. Y. 104; *Meesel* v. *Lynn & Boston R. Co.*, 8 Allen, 234; *Colegrove* v. *New York & Harlem R. Co.*, 20 N. Y. 492; *Nolan* v. *Brooklyn City & N. R. Co.*, 87 N. Y. 63; *Burns* v. *Bellefontaine R. Co.*, 50 Mo. 139.

The question of negligence must be submitted to the jury as one of fact, where there is room for a difference of opinion between reasonable men, and also where there is room for such a difference as to inferences, which might be fairly drawn from conceded facts. *Robel* v. *Chicago, M. & St. P. Ry. Co.*, 35 Minn. 84; *Steen* v. *St. Paul & Duluth R. Co.*, 37 Minn. 310; *Franklin* v. *Winona & St. P. R. Co.*, 37 Minn. 409; *Craver* v. *Christian*, 36 Minn. 413; *Wuotilla* v. *Duluth Lumber Co.*, 37 Minn. 153; *Engel* v. *Breitkreitz*, 39 Minn. 423; *Rolseth* v. *Smith*, 38 Minn. 14; *Bennett* v. *Syndicate Ins. Co.*, 39 Minn. 254; *Lindvall* v. *Woods*, 41 Minn. 212; *Sobieski* v. *St. Paul & Duluth R. Co.*, 41 Minn. 169; *McDonald* v. *Chicago, St. P., M. & O. Ry. Co.*, 41 Minn. 439; *Goodsell* v. *Taylor*, 41 Minn. 207; *Anderson* v. *Minnesota & N. W. R. Co.*, 39 Minn. 523; *Sather* v. *Ness*, 42 Minn. 379; *Stewart* v. *St. P., M. & M. Ry. Co.*, 43 Minn. 268; *Krogstad* v. *Northern Pacific R. Co.*, 46 Minn. 18.

MITCHELL, J. This was an action to recover damages for the death of plaintiff's intestate, caused by the alleged negligence of the defendant. The only question on this appeal is whether the evidence made a case for the jury. It reasonably tended to prove the following facts: The car on which deceased was riding was one of the horse cars formerly used on the Payne avenue line. The rear platform extended the whole width of the car body,—about six feet, —and was about three and a half feet wide. It had a dasher across

v.52M.—11

the end, and a shifting gate on the side next the other track, for the purpose of keeping passengers from going out on that side.    The other side of the platform was left open for the ingress and egress of passengers.    The dasher had a rail along the top, and on the rear end of the car body was a hand rail on each side of the door.    The rail on the dasher was about two and a half feet high, and the gate on the side was "a little bit lower."    The dashers and gates on the cars on some of defendant's other lines were from six to eight inches higher.    Inside the car were the usual straps for passengers who had to stand.    The track on that line was quite rough, had "high and low joints," so that a car "would go uneven when it passes over them."    The cars would rock a good deal.    It was the practice and custom of the defendant to carry passengers on the platforms, and at certain hours they would be crowded.    When the deceased got on the car the seats were all occupied, but there was still standing room inside.    He did not attempt to enter the car, but took his stand on the platform, near or "against the gate, but not sitting on it."    He did not take hold of anything with his hands.    While standing there he fell "backwards" or "sideways" over the gate, striking the ground on the top of his head, and fracturing his skull, so that he shortly afterwards died.    The car was in motion when he fell, but there is no evidence as to its rate of speed, except that one witness testified that "it was moving steadily."    None of the witnesses testify as to whether or not there was any jerk or rocking of the car at the time he fell, but he evidently lost his balance in some way, and we think the facts in evidence would have justified the jury in concluding that it was caused by the motion of the car.

The contention of the defendant is that this evidence was insufficient to sustain plaintiff's case, because—*First*, it did not tend to prove any negligence on its part; and, *second*, it affirmatively showed that the deceased was guilty of contributory negligence in not either going inside the car, or, at least, if he preferred to remain on the platform, in not taking hold of the hand rail or the rail on the dasher.    The contention of the plaintiff is that the defendant, when it permitted and invited passengers to ride on the platform, was guilty of negligence in not providing a dasher and gate of suffi-

cient height to prevent passengers from falling over; and that the question whether the deceased was guilty of negligence in standing in the manner he did on the platform was a question for the jury. We are quite clear that the question of defendant's negligence was one for the jury. Permitting and inviting, as it did, passengers to ride on the platform, it was its duty to use all reasonable precautions to insure their safety. Under the circumstances disclosed by the evidence it was to be anticipated that passengers might, by reason of the jolting or rocking of the cars, or of some other cause, lose their balance, especially when the platform was crowded; and it was a fair question for the jury to say whether, in the exercise of that high degree of care required of carriers of passengers, the defendant ought not to have guarded the platform with rails or gates of sufficient height to have prevented just such accidents as occurred in this instance. The evidence as to decedent's contributory negligence was also a question for the jury. Standing on the rear platform of a street car in motion, even when there is room inside, is not, under ordinary circumstances, conclusive evidence of negligence, at least in the absence of any published rule prohibiting it, and especially where, as in this case, the carrier impliedly invited it. Neither did the omission of the deceased to take hold of the rail of itself amount *per se* to negligence. Nor, in view of common experience and common practice, can it be said as a matter of law that the two facts combined constituted negligence. *Fleck* v. *Union Ry. Co.*, 134 Mass. 480; *Upham* v. *Detroit City Ry. Co.*, 85 Mich. 12, (48 N. W. Rep. 199;) *Nolan* v. *Brooklyn City & N. R. Co.*, 87 N. Y. 63.

With reference to another trial, we may add that whether, under the circumstances, the dasher and gate were of a safe and proper height for the protection of passengers, was not a proper subject for expert testimony. That was the very question which the jury had to pass upon, and they were just as competent to pass upon it, in the light of all the evidence, as any so-called "expert."

Order affirmed.

GILFILLAN, C. J., and COLLINS, J., absent, took no part.

(Opinion published 53 N. W. Rep. 1071.)