PATRICK BURNS *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.   November 17, 1902. — February 27, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Street Railway.   Negligence.*

A passenger riding with other persons on the front platform of a crowded electric
car, knowing that there is a sign on the car stating a rule that "Passengers
riding on the front platform do so at their own risk", in the absence of any-
thing to show that the rule has been waived by the railway company or that it
is not in force, cannot recover from the company for an injury caused by being
thrown to the ground by reason of the negligent operation of the car.

TORT for injuries received by being thrown from the front
platform of a crowded street car of the defendant in the manner
stated in the opinion.   Writ in the Municipal Court of the City
of Boston dated June 20, 1901.

On appeal to the Superior Court the case was tried before
*Sheldon*, J.   At the close of the plaintiff's evidence the judge
ordered a verdict for the defendant.   The plaintiff alleged
exceptions.

*D. H. Coakley & T. W. Coakley*, for the plaintiff.

*E. P. Saltonstall*, for the defendant.

MORTON, J.   This is an action of tort for personal injuries.
The plaintiff was riding on the front platform of a car belong-
ing to the defendant, and as it rounded a sharp curve at the
corner of Lowell and Brighton Streets in Boston was thrown
off by a sharp jerk and received the injuries complained of.
There was testimony tending to show that the speed was un-
usual and excessive, that the car was crowded, and that there
were six or seven others on the platform.   The plaintiff testified
on cross-examination that he knew that there was a sign on the
car that " Passengers riding on the front platform do so at their
own risk", and finally said, though he denied it at first, that he
knew that, according to the sign, when he rode on the front
platform if he had an accident such as happened he took the
risk.   At the close of the plaintiff's evidence, the judge directed
a verdict for the defendant, and the case is here on exceptions
by the plaintiff to that ruling.

We think that the ruling was right.   The rule in respect to passengers riding on the front platform must be regarded, it seems to us, as a reasonable rule, and such a rule as the defendant had a right to adopt.   *Sweetland* v. *Lynn & Boston Railroad,* 177 Mass. 574, 579, and cases cited.   It would have had the right to prohibit absolutely passengers from riding on the front platform, and a passenger who, without sufficient excuse, knowingly violated the rule and was injured in consequence thereof would have been guilty of contributory negligence and would not have been entitled to recover, even though the defendant had also been negligent.   *Wills* v. *Lynn & Boston Railroad,* 129 Mass. 351.   We do not think that the only alternatives open to the defendant were those of absolute prohibition or unqualified permission.   The notice contained a fair warning that the front platform was regarded by the company as a place of exposure to danger, and that it was unwilling that passengers should ride there unless they were content to take the risks of doing so, and it is not unreasonable, it seems to us, to say that a passenger, who knew the rule as the plaintiff did and rode upon the front platform, accepted the risk in the absence of anything to show that the rule had been waived by the company or that it was not in force.   The rule is to be regarded, we think, as designed to promote the safety of passengers by warning them that the front platform was or might be a place of danger, and that they rode there at their own risk, rather than as designed to protect the defendant from the results of its own negligence, or that of its servants or agents.   And we think that upon the undisputed testimony, the plaintiff must be held to have accepted the risk.

The fact that the car was crowded is immaterial.   The plaintiff was not obliged to get on to a crowded car, and it was not negligence on the part of the defendant to take him as a passenger because the car was crowded.   *Jacobs* v. *West End Street Railway,* 178 Mass. 116.   The fact that there were other passengers on the platform did not show that the rule had been waived by the defendant or was not in force.   Their presence there was as consistent with the fact that the rule was still in force as that it was not.   The case is very different from that of *Sweetland* v. *Lynn & Boston Railroad, ubi supra,* on which the plaintiff relies.

There was abundant evidence in that case of a custom to use the front platform and that the rule notifying passengers not to stand on the front platform was not in force.

*Exceptions overruled.*