THOMAS McDONOUGH *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk. March 13, 1906. — May 16, 1906.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Negligence. Street Railway. Waiver. Evidence. Witness. Practice, Civil,* Exceptions.

If a passenger, who has had notice of a rule of a street railway company that persons riding on the front platform of a car do so at their own risk, chooses to ride on the front platform of a car of the company because the car is crowded and he prefers to stand outside, he cannot recover from the company for injuries caused by the negligence of the motorman in suddenly starting the car while he is preparing to alight from the front platform.

In an action against a street railway company for personal injuries incurred when preparing to alight from the front platform of a car of the defendant, in order to charge the plaintiff with notice of a rule of the defendant that persons riding on the front platform of a car do so at their own risk, if the plaintiff has testified that he has seen the rule printed on the windows of other cars and admits knowledge of the existence of the rule, it is not necessary to show that he saw the notice on the particular car from which he was preparing to alight.

A street railway company by permitting persons to ride on the front platforms of its cars does not waive a rule that persons riding on the front platform do so at their own risk, although such permission would waive a rule prohibiting such use of the front platform.

In an action against a street railway company for injuries alleged to have been caused by a motorman of the defendant starting with a sudden jerk a car from which the plaintiff was preparing to alight, if the motorman has testified on cross-examination that he did not state to any one that he thought the plaintiff had got off before, the plaintiff may show that the motorman immediately after the accident said " I thought he had got off before," this being competent not only to contradict the witness, but also as tending to support the plaintiff's contention that he was thrown off by a sudden jerk of the car due to the negligence of the motorman.

The erroneous exclusion of evidence offered by a plaintiff gives him no ground for exception if with the evidence thus offered and excluded he shows no right to recover.

Tort for personal injuries caused by being thrown from and run over by a car of the defendant on Massachusetts Avenue in Cambridge on the evening of Sunday April 28, 1901, through the alleged negligence of the defendant's agents and servants. Writ dated May 17, 1901.

At the trial in the Superior Court *Maynard*, J. ordered a verdict for the defendant; and the plaintiff alleged exceptions. The evidence is described in the opinion.

*J. E. Cotter & J. P. Fagan*, for the plaintiff.

*C. F. Choate, Jr.*, for the defendant.

Braley, J. If the version of the accident given by the defendant's witnesses was accepted, the plaintiff, observing that he was being carried beyond his destination, after being warned of the danger, jumped from the car while it was moving. Although it was uncontroverted that at the time he was riding on the front platform, his evidence in substance showed that after informing the motorman where he wished to get off, and the motorman indicating his assent, later noticing that the car had passed beyond this point, he again spoke, and the brake was applied, when, as the plaintiff was preparing to alight, the brake being released, the car suddenly moved forward and by its momentum caused his grasp on the hand rail to be loosened, and ejected him into the street. Upon this conflicting evidence the jury could have found that, with the knowledge of the motorman, a passenger was preparing to terminate the contract of carriage in the ordinary way, and for this purpose as the car was being brought to a stop, without again observing the plaintiff's position, he negligently released the brake. It also could have been found that the plaintiff rode on the front platform because the car was

somewhat crowded, and discovering that he would have to stand preferred "to stand outside." By reason of these divergent narratives if nothing further appeared, it is plain that the usual issues of the defendant's negligence and of the due care of the plaintiff were matters of fact for the determination of the jury under appropriate instructions. *Corlin* v. *West End Street Railway*, 154 Mass. 197. *Sweetland* v. *Lynn & Boston Railroad*, 177 Mass. 574. *Lapointe* v. *Middlesex Railroad*, 144 Mass. 18. *Cummings* v. *Worcester, Leicester & Spencer Street Railway*, 166 Mass. 220. *Block* v. *Worcester*, 186 Mass. 526, 527.

It, however, has been settled, that where a common carrier of passengers operating a railway by whatever motive power, establishes a rule either prohibiting such use, or stating that if passengers while in transit chose to ride on the front platform, they do so at their own risk, a passenger who, with knowledge of the first rule intentionally violates it, or who with knowledge of the second rule chooses to take the risk and thereby is injured, cannot recover. *Sweetland* v. *Lynn & Boston Railroad*, *ubi supra*. *Wills* v. *Lynn & Boston Railroad*, 129 Mass. 351. *Burns* v. *Boston Elevated Railway*, 183 Mass. 96.

There was no direct proof offered by the defendant that it made and promulgated a general rule of the second class, but such a regulation may be proved from the testimony of the passenger himself. *Burns* v. *Boston Elevated Railway*, *ubi supra*. In cross-examination, after stating that he frequently had ridden on the cars, the plaintiff further said that he had given little, if any, attention to a sign displayed on the window, and when asked if he knew "there was one there about riding on the front platform", answered that he did not know if there was such a notice. This answer was followed by a general question in these words, "but you had noticed on the front platform, that people who rode on the front platform, or got on and off on the platform, did so at their own risk? — you had noticed that on the cars?" to which the plaintiff replied, "Yes, sir, I had." If the plaintiff denied having observed a similar notice on the window of this car he also admitted knowledge of the existence of this rule. The object of the notice which embodied the rule was to warn passengers of the danger, and also to charge them alone with the consequences which might follow, if they chose

to disregard it. But if from previous observation such warning and consequent assumption of liability were known to the plaintiff, it was unnecessary for the defendant to go further, and prove that he also had seen the notice on the particular car where he was riding, for such knowledge, followed by his choice of position, would operate to bar his recovery. *Cheney* v. *Boston & Maine Railroad*, 11 Met. 121, 123. *O'Neill* v. *Lynn & Boston Railroad*, 155 Mass. 371.

From the undisputed evidence of the motorman it could be found not only that the gates were open, but that it was a common occurrence for passengers regularly to ride on the front platform without objection, unless there were too many on that end, a condition not appearing in the present case, and the plaintiff contends that the question whether the rule had not been waived should have been submitted to the jury. It is undoubtedly true that a general usage, or course of business, may be proved by one witness. *Jones* v. *Hoey*, 128 Mass. 585. But in permitting its cars to be regularly operated by inviting passengers to ride on the front platform, even if open for their accommodation, the defendant was not acting inconsistently with its right to insist on the rule, as the choice of riding there or inside the car was still left optional even upon the plaintiff's evidence. The distinction between prohibiting such use of the platform, and then waiving the prohibition by regularly opening it for the accommodation of passengers, or permitting them to ride there at their own risk, is obvious. In the first instance the restriction is absolute until abandoned, and the abandonment may be implied from the conduct of the carrier; while in the last the platform is left unreservedly open, yet the opportunity of carriage thus afforded is furnished only upon condition that the passenger occupying this part of the car takes the chance of injury that may be caused by reason of the exposed position. *Sweetland* v. *Lynn & Boston Railroad*, *ubi supra*. *Burns* v. *Boston Elevated Railway*, *ubi supra*.

A question of evidence remains. Admissions of liability made by a servant who is not a general agent, or while not engaged in the performance of his duty, are inadmissible to bind the master, but the testimony that the motorman immediately after the accident said " I thought he had got off before " was admis-

sible, because it tended not only to contradict him as a witness,* but to support the plaintiff's contention that he was thrown off by the sudden jerk of the car, which was due to the negligence of the motorman. *Bachant* v. *Boston & Maine Railroad,* 187 Mass. 392, 396. *Robinson* v. *Old Colony Street Railway,* 189 Mass. 594. But the plaintiff having failed to show the violation of any duty owed to him by the defendant its erroneous exclusion becomes immaterial.

*Exceptions overruled.*

---

* The testimony of the motorman here referred to was on his cross-examination as follows : " *Q.* Just after this accident did you state to any one that you thought that the plaintiff had got off before ?  *A.* No, I did not. — *Q.* Did you ever hear that suggestion before ?  *A.* No, I did not. — *Q.* That you said you started this car because you thought the plaintiff had got off ?  *A.* No, sir, I did not see [say?] the like. — *Q.* You heard of it ?  *A.* No, sir, I didn't."