JANE R. PIKE, administratrix, *vs.* BOSTON ELEVATED
RAILWAY COMPANY.

Suffolk.   December 15, 1905. — June 21, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Negligence.   Street Railway.   Evidence.*

If a passenger, who is riding on the front platform of an electric car after he has
read a sign stating that persons riding on the front platform do so at their own
risk, is injured by a collision of the car with a repair wagon of the company
operating the car, which would not have injured him had he been inside the
car where there was room for him, he cannot recover from the company.

In an action against a street railway company for personal injuries from a collision
while the plaintiff was riding on the front platform of an electric car of the
defendant after he had read a notice stating that persons riding on the front
platform did so at their own risk, evidence that the only other person on the
front platform was the motorman, that the conductor collected the plaintiff's
fare while he was there, and that nothing was said to him by the conductor
or the motorman about standing on the platform, that persons frequently rode
on the front platforms of the defendant's cars, that the conductors collected
their fares there and that neither the conductors nor the motormen objected
to their riding there, has no tendency to show that the defendant's rule had
been waived or abandoned.

In an action against a street railway company for personal injuries from a collision
while the plaintiff was riding on the front platform of an electric car of the
defendant after he had read a notice stating that persons riding on the front
platform did so at their own risk, the plaintiff on his cross-examination was
asked whether he did not appreciate that if he rode on the front platform and
suffered an accident he took the risk of its happening, and answered " I knew
that the sign was a dead letter." *Held,* that this answer, at the most, was only
an expression of opinion, and had no tendency to show that the rule had been
waived or abandoned by the defendant.

MORTON, J.   This is an action brought by the plaintiff's intes-
tate in his lifetime, and prosecuted by the plaintiff as his ad-
ministratrix after his death, to recover for injuries sustained by
him, while riding on the front platform of one of the defendant's
cars, from a collision between the car and a repair wagon be-
longing to the defendant.   The accident occurred on October 11,
1901, at about 5.30 A. M., the morning being dark and foggy.

The deposition of the original plaintiff was taken and he tes-
tified on cross-examination that he rode into town every morn-
ing on the electric cars and made it his custom to ride on the

front platform, and had read the sign that passengers riding on the front platform did so at their own risk, and knew, if the sign was a rule of the company, that he took the risk of an accident happening, and that by standing on the front platform he was not breaking a rule of the company, but stood there at his own risk. It appeared that the only other person on the platform was the motorman. The plaintiff's intestate paid his fare and nothing was said to him by the conductor or motorman about standing on the platform. It was admitted by the defendant that people frequently rode on the front platform, the defendant contending that they did so subject to the rules of the company, and that fares were collected from them and that neither the conductors nor motormen objected to their so riding. For aught that appeared there was room enough inside the car, and it was not contended that the plaintiff's intestate would have been injured if inside the car. At the close of the evidence the judge, on the defendant's motion, ordered a verdict for the defendant, and the case is here on exceptions by the plaintiff to the ruling thus made.

We think that the ruling was right. The case seems to us to be governed by *Burns* v. *Boston Elevated Railway*, 183 Mass. 96, *McDonough* v. *Boston Elevated Railway*, 191 Mass. 509 ; and not, as the plaintiff contends, by *McNee* v. *Coburn Trolley Track Co.* 170 Mass. 283, and *Sweetland* v. *Lynn & Boston Railroad*, 177 Mass. 574. In the Sweetland case, the notice, as stated in the opinion, purported " to be a prohibition of passengers from riding on the front platform, and not a notice stating the terms on which they may ride there." In the present case the notice did not forbid passengers to ride on the front platform, but stated the terms on which, if they rode there, they would be carried, namely, at their own risk. In the McNee case the notice was similar to this, but there was only one elevator, and that was unsafe, and the workmen were expected to use it notwithstanding the notice. The same is true, in substance, of *Boyle* v. *Columbian Fire Proofing Co.* 182 Mass. 93. In the present case the defendant furnished a safe place for the plaintiff's intestate to ride in, and instead of riding there he rode on the front platform knowing that he thereby took the risk. There is nothing to show that the defendant provided the front platform uncondi-

tionally as a place for its patrons to ride on.   The remark of the original plaintiff in his cross-examination that the rule was a dead letter,* was, at the most, only an expression of opinion, and had no tendency to show that the rule had been waived or abandoned by the defendant.   Neither did the fact that the conductors collected fares from the persons riding on the front platform and that neither they nor the motormen objected to their riding there tend to show that the rule had been waived or abandoned.   Front platforms are not places ordinarily provided for passengers, and the conductors and motormen may well have supposed that persons riding there were content to do so under the rule and at their own risk.

*Exceptions overruled.*

*G. W. Anderson*, (*E. H. Ruby* with him,) for the plaintiff.

*E. P. Saltonstall & S. H. E. Freund*, for the defendant.

---

* This portion of the cross-examination was as follows :

" *Q.* And appreciated that as far as that sign went, that if you rode on the platform, and suffered an accident, that you took the risk of its happening?  *A.* I knew that the sign was a dead letter. — *Q.* But you said you had read the sign?  *A.* Yes, sir. — *Q.* And you knew that as far as the sign went, that if the sign was a rule of the company, and if you rode on the platform, that you took the risk of an accident happening?  *A.* Yes, sir."