GEORGE H. JONES *vs.* MARY E. HOEY.

Suffolk. Feb. 24. — June 29, 1880. COLT & LORD, JJ., absent.

If goods in cases are sold by weight, without more specific agreement, evidence of a general usage is admissible to show that the weight is to be computed as previously ascertained at the time of packing and marked on the cases, and not by the actual weight at the time of the sale; and there is nothing in the Gen. Sts. *c.* 51, § 17, inconsistent with this.

A usage may be established by the testimony of one witness.

CONTRACT upon a promissory note, dated February 7, 1878, signed by William A. Hoey, payable to the order of, and indorsed by, the defendant. Trial in the Superior Court, before *Bacon*, J., who allowed a bill of exceptions, in substance as follows:

The note was given in payment of a quantity of leaf tobacco sold and delivered by the plaintiff to William A. Hoey at the date of the note. The answer contained a general denial, set up specially a partial failure of consideration, a sale by sample and warranty of quality and quantity, a breach of both, and claimed damages by way of recoupment. The sale was admitted to be by sample. The evidence as to the weight, quality and quantity of the tobacco was conflicting.

The plaintiff was permitted to testify, against the defendant's objection, that he had been engaged in the tobacco business in Boston for twenty years; that, during that time and before, there was a universal custom in the tobacco trade to buy and sell tobacco by the "marked weights," that is, the weight marked upon the box at the time the producer packed it, and before the tobacco passed through the process of sweating; that, when tobacco was sold by actual weight, a special price was always set; and that, in this case, the tobacco was sold in the usual course

of trade. The plaintiff was the only witness who testified to the existence of the alleged usage or custom. William A. Hoey testified for the defendant that he purchased the tobacco of the plaintiff at the actual weight, and not by the weights marked on the cases; and that he did not know of the alleged usage.

The defendant asked the judge to instruct the jury as follows: " In a sale of leaf tobacco by sample by the pound, unless a sale by 'marked weights' is agreed to by the parties, in construing the contract of sale, the law implies actual weight as the weight understood by the parties; and a custom or usage among dealers in tobacco to sell by marked weights cannot be established by the testimony of one witness."

The judge refused so to rule; and, after instructing the jury in terms not excepted to as to the nature of the evidence required to establish the fact of a custom or usage, gave the following instruction: " If the jury believe there is a general and universal usage and custom among dealers in leaf tobacco in Boston and vicinity to buy and sell tobacco by marked weights, then if, when the sale as in this case is made by sample, nothing is said between the parties as to whether the weight marked on the cases or actual weight is intended, the weight marked on the cases will govern. A usage and custom in trade, like any other fact, can be established by the testimony of one witness."

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*W. N. Mason & E. F. Dewing*, for the defendant.

No counsel appeared for the plaintiff.

GRAY, C. J. The instruction given was correct. If the tobacco was sold by sample and by weight, without more specific agreement, evidence of a general usage was admissible to show that the weight was to be computed as previously ascertained at the time of packing and marked on the cases, and not by the actual weight at the time of the sale. *Bottomley* v. *Forbes*, 6 Scott, 866; *S. C.* 5 Bing. N. C. 121. *Barry* v. *Bennett*, 7 Met. 354. *Miller* v. *Stevens*, 100 Mass. 518. The Gen. Sts. *c.* 51, § 17, cited for the defendant, providing that sales of goods by the hundredweight shall be construed to mean by the net weight, or one hundred pounds, and not by the gross weight, or

one hundred and twelve pounds, contain nothing inconsistent with this.

Nothwithstanding the *dictum* in *Boardman* v. *Spooner*, 13 Allen, 353, 359, there can be no doubt, at the present day, that the circumstance that but one witness testifies to a usage is important only as bearing upon the credibility and satisfactoriness of his testimony in point of fact, and does not affect its competency or its sufficiency as matter of law. *Parrott* v. *Thacher*, 9 Pick. 426. *Vail* v. *Rice*, 1 Selden, 155. *Partridge* v. *Forsyth*, 29 Ala. 200. *Robinson* v. *United States*, 13 Wall. 363.

*Exceptions overruled.*