FLUHRER *v.* LAKE SHORE & MICHIGAN SOUTHERN RAILWAY CO.

RAILROADS — EMPLOYÉS — UNCOUPLING MOVING CARS — RULES — CUSTOMARY VIOLATION.

> Violation by a railroad employé of a rule against going between moving cars to uncouple them will not prevent a recovery for injuries so received, where it appears that the rule had been virtually abrogated by the company by sanctioning its customary violation.

Error to Lenawee; Chester, J. Submitted June 7, 1900. Decided June 18, 1900.

Case by Mary Fluhrer, administratrix of the estate of John M. Fluhrer, deceased, against the Lake Shore & Michigan Southern Railway Company, for negligently causing the death of plaintiff's intestate. From a judgment for plaintiff, defendant brings error. Affirmed.

*C. E. Weaver* (*George C. Greene* and *O. G. Getzen-Danner,* of counsel), for appellant.

*Watts, Bean & Smith,* for appellee.

MOORE, J. This case has been here once before, and is reported in 121 Mich. 212 (80 N. W. 23). Upon the second trial, plaintiff recovered a verdict. The case is brought here by the defendant by. writ.of error.

The counsel for defendant argue over again in their brief the questions passed upon when the case was here before. We do not think any further reference is necessary to that feature of the case. The case was sent back for trial upon a single point, in relation to which the court declared the law to be as follows:

"It is well settled that a violation of the rules of the company will defeat recovery. The exception to this is where the company itself has sanctioned the custom of its employés to act in violation of the rules, and has thus virtually abrogated them. This exception is based upon the theory that it would be unjust in employers to establish rules, and then sanction their violation, and interpose such violation as a defense. *Hunn* v. *Railroad Co.,* 78 Mich. 513, 526 (44 N. W. 502, 7 L. R. A. 500); *Eastman* v. *Railway Co.,* 101 Mich. 597, 602 (60 N. W. 309). Fairly construed, the above rule is notice to brakemen not to enter between the cars while in motion to uncouple them, and an agreement not to do so. The danger in doing so is apparent. Only when this rule is violated by brakemen so universally and notoriously that it is a fair inference that the company sanctioned and approved the violation is the company barred from this defense. The court instructed the jury that if they believed that the motion of the cars was so slow that it was not negligence to pass between them to uncouple them, and that such was the usual custom of brakemen under like circumstances, then such act would not necessarily prevent recovery by the plaintiff. There was evidence tending to show that it was usual and customary for brakemen to pass between the cars while in motion to uncouple them. The case was not submitted to the jury upon the theory that the company had sanctioned a violation of this rule. The question was not referred to in the instructions. * * * When the defendant had entered into the contract with the deceased, in which he acknowledged the receipt of a copy of these rules, and agreed to abide by them, it had met the plaintiff's case, even though it was not negligence *per se* to go between the cars when

in motion. The *onus probandi* was then cast upon the plaintiff to show that the company sanctioned a departure from the rule by a custom so universal and notorious that the company was presumed to have had knowledge of it and to have ratified it. This is an important feature of the case, and was not, we think, by the instructions, properly submitted to the jury.

"Counsel for plaintiff urge that the evidence does not show that Fluhrer ever read or saw these rules. The production of the duplicate contract signed by him was *prima facie* proof that he had received and read them. If there was a conflict of testimony on this point, it should be submitted to the jury under proper instructions."

Upon the second trial, testimony was given in relation to the custom of the employés about going between the cars when in motion to uncouple them. The jury were properly instructed in accordance with the law as stated by the court when the case was here before, and the jury rendered a verdict in favor of plaintiff.

Judgment is affirmed.

The other Justices concurred.