given of the omission to allege them originally. The plaintiff, therefore, failed to present a case warranting the granting of the amendment.

It follows that the order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs, but with liberty to renew on proper papers. All concur.

(99 App. Div. 209)

### GLEASON v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. December 9, 1904.)

1. CARRIERS—RAILROADS—INJURIES TO PASSENGERS—BOARDING CAR—EVIDENCE.

Where plaintiff was injured, while attempting to board a horse car standing in the barn, by the premature starting thereof, and it appeared that plaintiff in boarding the car was preceded by another, plaintiff was entitled to answer whether he had got on cars at that place before, and if he knew what the custom was at that time with regard to passengers boarding cars at that point, to show that defendant was in the habit of receiving passengers at that place, which it denied.

2. SAME—ORDER OF PROOF—REDIRECT EXAMINATION.

Where evidence, sought to be elicited from plaintiff on redirect examination, went to plaintiff's cause of action, and related to a subject to which plaintiff's attention had not been directed either on direct or cross-examination, and as to which plaintiff might have been recalled and examined, it was not subject to exclusion, in the discretion of the court, because not offered on direct examination.

McLaughlin and Ingraham, JJ., dissenting.

Appeal from Trial Term, New York County.

Action by Thomas Gleason against the Metropolitan Street Railway Company. From a judgment dismissing plaintiff's complaint at the close of his evidence, he appeals. Reversed.

Argued before HATCH, McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Lyttleton Fox, for appellant.
Bayard H. Ames, for respondent.

HATCH, J. This action was brought to recover damages for injuries claimed to have been received through the negligence of the defendant. So far as material, the facts are as follows: The plaintiff lived on 110th street, and was employed near Twenty-Third street and Seventh avenue. He took one of defendant's cars on Broadway, and was carried to Fifty-Ninth street, where he changed to a Sixth avenue car. Having procured a transfer, he left the Sixth avenue car at Fiftieth street to take a horse car going down Seventh avenue. The car barn of the defendant was on Fiftieth street, and the car which the plaintiff desired to take was then in the barn. He entered the place where the car was standing, being preceded by a lady, who got upon the car. The driver of the car was standing on the platform ready to start. No conductor was upon the car. The plaintiff took hold of the rail of the car, and, while stepping up, the driver suddenly started the same, and the plaintiff was thrown against an iron pillar, his collar

bone was broken, he was rendered unconscious, and otherwise received injuries. At the close of the plaintiff's case the defendant moved to dismiss the complaint upon the ground that there was no proof of any negligence upon the part of the defendant. The plaintiff asked to go to the jury upon the evidence. The latter motion was denied, the complaint was dismissed, and from the judgment entered thereon this appeal is taken.

It is not necessary that we determine whether the evidence was sufficient to show negligence or not, as it stood at the close of the trial, as we are of opinion that error was committed in the exclusion of evidence which was offered, which was material to the case, and, had it been received, it, together with that already adduced, might have established a case requiring the court to submit the question of negligence and contributory negligence to the jury for their determination. It appeared that the place where the plaintiff attempted to board the car was inside the barn or shed, and not upon the street, and it was claimed by the defendant that passengers were not received at·that point, and that the driver of the car had no notice that plaintiff was attempting to board the car when he started the same. It became a material question, therefore, whether passengers were received at this place. If they were, then it cannot be disputed but that the defendant owed a duty to the plaintiff to see that he was given a reasonable opportunity to board the car at that place. Jones v. N. Y. C. & H. R. R. Co., 156 N. Y. 187, 50 N. E. 856, 41 L. R. A. 490. The plaintiff sought to show that it was customary for the defendant to receive passengers at this · point. Upon such subject counsel asked the plaintiff the following questions: "Q. Had you gotten on cars at that place before?" Defendant's counsel objected to the testimony as immaterial, irrelevant, and incompetent. The objection was sustained, to which the plaintiff took an exception. "Q. Do you know what the custom was at that time with regard to passengers boarding cars at that point?" To this question the same objection was interposed, and a like ruling had, to which an exception was taken. These questions were proper and competent, and bore upon a material issue in the case. The first question called for a fact as to whether the plaintiff had boarded cars at that place. If he had, then it would have been preliminary to the question as to the length of and number of times and the circumstances which had attended his taking the car at that place, and therefrom, if it had been made to appear, as it might, that the defendant had received the plaintiff as a passenger at that point and carried him therefrom for any considerble period of time, dependent upon the number of times, it might have such probative force as to authorize a finding that the defendant had knowledge that the plaintiff customarily took the car at that point, and thereby arrive at the conclusion that it owed him the same duty as a passenger boarding the car at that point as it would the reception of passengers at other points. Upon the proof, as it stood, it appeared that one passenger had preceded him into the car, and, if this had been followed by showing a habit of the plaintiff to take the car at this place, it might require a submission of the case to the jury. The custom in this respect could be established by his own evidence, as well as by others'. Vail v. Rice, 5 N. Y. 155, 157. The second question was also compe-

tent. It called for the defendant's knowledge upon the subject of a custom which had been established respecting the reception of passengers at that point. The inquiry was at the threshold of the subject, as he could only be shown to have had knowledge by asking him the question. It is clear beyond debate that, had it been shown that defendant customarily received passengers at this point, the obligation and duty of properly protecting them would at once arise in precisely the same manner as at every point where passengers were received. The inquiry into such subject was entirely shut out and excluded. It is said, however, that the plaintiff was not entitled to show these facts, for the reason that they were called for upon his redirect examination, and therefore it was discretionary with the court to receive it or not. The ordinary rule which permits the court, in its discretion, to exclude testimony which properly forms a part of the affirmative case, and which is not new matter developed in the course of the cross-examination, has no application to such a case as this. Here the evidence sought to be elicited went to the plaintiff's cause of action, and related to a subject to which the attention of the witness had not been directed. If the plaintiff had been permitted to leave the stand without interrogation upon such subject, he would not be precluded from calling witnesses to establish the facts sought to be elicited; and we see no reason why he might not, at any time before he rested, call the plaintiff upon such subject, even though he had omitted to examine him thereon prior thereto. Under such circumstances, if the court excluded it as resting in discretion, and for the reason that his examination had been exhausted, it would be a clear abuse of discretion and call for a reversal for such reason. It is evident, however, that the court based its ruling on no such ground. The objection raised no such question, as the grounds of the objection were that it was incompetent, irrelevant, immaterial, and not pleaded, so that a discretionary ruling was not invoked nor called to the court's attention, and the grounds of the objection were otherwise unavailing, as the questions sought to elicit testimony which was material, relevant, and competent, and, if evidence thereunder had been received, a cause of action might have been made out. As error was committed in this respect, the judgment appealed from should be reversed and a new trial granted, with costs to the appellant to abide the event.

O'BRIEN and LAUGHLIN, JJ., concur.

McLAUGHLIN, J. (dissenting). This is the ordinary negligence action to recover damages for personal injuries alleged to have been sustained by the sudden starting of one of defendant's cars. According to the uncontradicted proof, the plaintiff attempted to board the car while it was in a place where it was stored, and before it had been run out upon the tracks. There was no proof that the defendant's servants in charge of the car knew or had reason to believe that the plaintiff was getting onto the car when it was started, nor that by long and open user on the part of the public there was an implied invitation to enter the car at this place. The plaintiff, therefore, failed to prove that the injuries were the result of defendant's negligence. But it is

claimed that error was committed during the course of the trial which necessitates a reversal of the judgment, and in this I am unable to concur. On re-examination of the plaintiff, he was asked the following questions: "Had you gotten on cars at that place before?" "Do you know what the custom was at that time with regard to passengers boarding cars at that point?" Both of these questions were objected to, the objections sustained, and exceptions taken.

It will be noticed in the first place that the questions were not asked until the re-examination of the witness, and they were not directed towards any subject called out by the cross-examination. It is generally understood that a re-examination must be confined to new matters brought out on cross-examination, and, if directed to other matters, it is to a great extent discretionary with the court whether or not to permit the examination. People v. Buchanan, 145 N. Y. 1, 39 N. E. 846. Here the witness had been fully examined on direct, and I do not think it can be said the court abused its discretion in not permitting the plaintiff to prove, on re-examination, what he ought to have proved, if at all, on the direct. It is going a good ways to hold that the discretion was so far abused as to require the reversal of the judgment.

I do not think the court erred in sustaining the objections. As to the first question, it was immaterial whether or not the plaintiff had ever taken a car at that point. Had he ever taken a car there, it would not have established a custom to receive passengers at that point, or have been an implied invitation to him to do so. He may have taken the car there at other times without the knowledge of defendant's servant, or even against his protest. This certainly would not bind the defendant, nor would anything short of a general practice on the part of himself or others, from which he would have a right to infer that there was an invitation to do so.

The objection to the other question, if it be assumed that the answer would have proved what is claimed, viz., a custom on the part of persons to enter the car at this place, was properly sustained, inasmuch as the answer would have been a conclusion of the witness. The custom, if one existed, could only be established as a fact by evidence showing what had taken place—that persons had entered the car at this place, the frequency with which they had done so, and under what circumstances—and from these facts it would be for the jury to say whether a custom existed. Jones v. N. Y. C. & H. R. R. Co., 156 N. Y. 187, 50 N. E. 856, 41 L. R. A. 490. The answer to the question would not have tended to establish a custom; on the contrary, at most, it, without other proof, would have tended to show the witness' knowledge, and this standing alone was immaterial.

I think the judgment should be affirmed.

INGRAHAM, J., concurs.