WILLIAM HOGAN, Defendant in Error, *vs.* THE CRANE COMPANY, Plaintiff in Error.

*Opinion filed June 18, 1913.*

1. MASTER AND SERVANT—*when servant may assume that foreman will give him explicit warning.* A servant who has been directed by his foreman to enter a car which has just been loaded, to help carry out an iron plate from the car, has a right to assume that the foreman, who is standing on the platform near the car, will not signal a switching crew to couple onto the car without giving him explicit warning.

2. SAME—*what does not charge servant with notice that switch engine is to couple onto car.* The fact that the foreman of the servant engaged in taking an iron plate from a car gave a signal which the servant, if he heard it, would recognize as the usual and customary signal to a switching crew to couple onto a car, does not charge the servant with notice that the switch engine was about to couple onto the car he was in, where there were other switching movements near by to which the signal might apply.

3. SAME—*whether a foreigner heard and understood signal he testifies to is a question for the jury.* Even though a witness is obliged to testify through an interpreter at the trial, which took place seven years after the accident, and had been in this country but two years when the accident occurred, yet it is a question for the jury whether he heard and understood the signal which he testifies was given by plaintiff's foreman at the time of the accident.

WRIT OF ERROR to the Branch "D" Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. R. W. WRIGHT, Judge, presiding.

ALDEN, LATHAM & YOUNG, for plaintiff in error.

POLLOCK, SULLIVAN & LIVINGSTON, for defendant in error.

Mr. CHIEF JUSTICE COOKE delivered the opinion of the court:

Defendant in error, William Hogan, recovered a judgment for $1100 in the superior court of Cook county against plaintiff in error, the Crane Company, for the loss of a little finger while in its employ. That judgment was affirmed by the Appellate Court for the First District, and the record has been brought to this court for further review by writ of *certiorari.*

This case has been tried twice in the superior court, the first judgment, after an affirmance by the Appellate Court, having been reversed by this court. (*Crane Co. v. Hogan,* 228 Ill. 338.) The second trial was had under the same pleadings as the first.

Defendant in error was injured while he and a fellow-workman named Araskiewicz were engaged in carrying a heavy iron plate out of a freight car which had just been loaded by the servants of plaintiff in error at its Judd street yard or plant. The injury was caused by the switching crew of plaintiff in error coupling on to the car from which defendant in error and his companion were removing the iron plate just as defendant in error was stepping out of the car, the impact causing the finger of defendant in error to be caught between the jamb of the car door and the iron plate, crushing it so that amputation became necessary. The declaration charged that plaintiff in error knew, or in the

exercise of reasonable care would have known, that defendant in error was in the car, and negligently and carelessly, without warning, ran the switch engine against the car. The facts as developed on the first trial are fully set out in *Crane Co.* v. *Hogan, supra,* and it will only be necessary to state here such additional facts as were proven on this trial.

Araskiewicz did not testify on the second trial. Sipronas Dargwicz, one of the workmen who was employed there at the time of the accident but who did not testify on the first trial, testified on the second trial that after the car had been loaded, Hayes, the foreman, told those who had been engaged in loading the car (among whom was defendant in error) to remove the chute and put it on the platform and then to go into the car and take out the tools and also to remove the iron plate in question; that the chute was first removed and then the tools and lantern were taken out of the car, after which Araskiewicz and Hogan started to remove the iron plate; that as these two men were about to go out of the car with the plate, Hayes, the foreman, who was standing about four or five feet from the door of the car and facing the door, called out in a loud voice, "All right, Bill," to the switchman, whereupon the switchman whistled a signal to the engineer, and the switch engine backed in, struck the car and caused the injury. Malone, one of the workmen, who also testified on the former trial, testified that while defendant in error and Araskiewicz were engaged in carrying out the iron plate he stood at the door of the car and held the lantern to afford them the necessary light. Roche, the switchman, testified that the cry, "All right, Bill," was the customary signal given when a switch movement such as the one executed was intended, and that he signaled the engineer, in compliance with this signal, when the call was given by the foreman, Hayes.

It is first contended that plaintiff in error was not guilty of the negligence charged in the declaration, and that the

259 — 4

instruction directing a verdict asked by it should have been given. The evidence on the part of the defendant in error tends to prove that he was directed by Hayes, vice-principal of plaintiff in error, to go into the car and remove the iron plate, and that immediately thereafter, and before that order had been executed, Hayes signaled the switching crew to make the coupling. It is contended that at the time of this accident, in February, 1903, Dargwicz, who is a Lithuanian, had been in this country but two years and could not at that time speak the English language, and that at the time of the second trial, in March, 1910, this witness was still so unfamiliar with the English language that he was compelled to testify through an interpreter, and for that reason his testimony, is not reliable as to the directions alleged to have been given by Hayes to the defendant in error or as to the signal which it is alleged Hayes gave the switching crew. Dargwicz testified that after he had been here a year and a half he understood all of the directions, and testified positively that the directions and signal were given, and while it is shown that the witness could not give his testimony in English or engage in conversation in that language, it was a question wholly for the jury whether he heard and understood the directions and signal alleged to have been given by Hayes.

It is also insisted that the testimony offered on behalf of defendant in error shows that he was sufficiently warned of the fact that the switching movement was about to be made. The basis of this contention is that Dargwicz testified that when Hayes cried out, "All right, Bill," in a loud voice, he was standing within four feet of the car door through which the defendant in error and his companion were then about to pass, and by the testimony of Roche it appears that this was the customary signal for the switching movement and that he heard Hayes give the signal at a distance of one hundred and fifty feet. Defendant in error testified that he did not hear Hayes give this call; but in any event,

a complete answer to this contention is, that even though this was the customary signal for a switching movement of this kind and defendant in error was in a position where he could or should have heard it, still it was not a warning meant for him and was not a circumstance which would put him upon notice that the switching crew was about to couple its engine to that car. This signal might have been intended to initiate some other switching movement. It appears that there were other tracks in the yards, and that the switch engine, immediately prior to the time of the accident, had been engaged in other switching movements. The testimony on behalf of the defendant in error tends to prove that he had been directed by the foreman, Hayes, to assist in removing the iron plate from the car, and he had a right to presume that the foreman would not place him in a position of danger without giving him direct and explicit warning.

The testimony fairly tends to support every material allegation of the declaration, and the court did not err in refusing to give the peremptory instruction.

Complaint is made of the rulings of the court on the admission and exclusion of testimony during the progress of the trial and of its refusal to give certain instructions asked on behalf of plaintiff in error. While, as plaintiff in error suggests, this case is a close one on the facts, and the rulings of the court on the admission and exclusion of evidence and on the giving and refusing of instructions should be accurate, we have carefully examined the record in respect to these matters and do not find that there is any error in any ruling of the court in the matters complained of that would warrant a reversal of the judgment.

The judgment of the Appellate Court is therefore affirmed.                                    *Judgment affirmed.*