MISSOURI, O. & G. RY. CO. v. DEREBERRY. (No. 1301.)

(Court of Civil Appeals of Texas. Texarkana. April 23, 1914. Rehearing Denied April 30, 1914.)

1. MASTER AND SERVANT (§ 137*)—INJURY TO SERVANT—DUTY OF CARE.

Where it was the custom of a railroad company to give warnings of movements of freight trains, between the cars of which servants engaged in repair work were compelled

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

to pass, the failure of those in charge of a train, between the cars of which a servant was passing, to give warning will support a finding of negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 269, 270, 273, 274, 277, 278; Dec. Dig. § 137.*]

2. MASTER AND SERVANT (§ 137*)—CUSTOM OF MASTER.

Where for over a year long freight trains had been stopped between the carpenter shop and repair tracks, so carpenters had to cross between the cars, but those in charge always gave warning of any movement, the railroad cannot deny knowledge of the custom, so as to excuse the failure of the operators of a train to give warning before they moved it.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 269, 270, 273, 274, 277, 278; Dec. Dig. § 137.*]

3. MASTER AND SERVANT (§ 226*) — INJURIES TO SERVANT—ASSUMPTION OF RISK.

Where it was the custom of the servants of a railroad company, engaged in repair work, to pass between the cars of long freight trains so as to reach the repair tracks, and those in charge of the trains always gave warnings of any movement, a repair man did not assume the risk of injury occasioned by the failure of the operators to give the usual warning.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 659–667; Dec. Dig. § 226.*]

4. TRIAL (§ 296*) — INSTRUCTIONS — ERROR — CURE.

In an action for personal injuries sustained by a railroad carpenter when the cars between which he was passing were started without warning, recovery was sought solely on the ground that the operators of the cars were negligent in not giving a warning before they were moved. The jury were instructed that there could be no recovery unless such warning was not given, and that, even if none were given, there could be no recovery if it could not have been heard. *Held* that, in view of the others, a charge, allowing recovery in case the cars were moved with a sudden jerk when plaintiff was passing between them to the repair track, was not misleading or erroneous.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–713, 715, 716, 718; Dec. Dig. § 296.*]

Appeal from District Court, Grayson County; W. M. Peck, Judge.

Action by W. H. Dereberry against the Missouri, Oklahoma & Gulf Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Appellant's carpenter shop was on the north side, and its "rip" or repair track on the south side, of its main line track in Denison. Appellee, employed by appellant as a carpenter, having occasion, in the discharge of his duty as such, to go from the carpenter shop to the rip track, in attempting to cross over the main track, between cars forming a part of a long freight train then standing thereon, fell between the cars and was injured by the wheels of one of them running over his legs and one of his arms. He claimed he was caused to so fall by the act of employés of appellant in charge of the train in causing same, while he was between the cars, to suddenly move forward, and that their act was negligent in that they failed to give

warning that they were about to move the train. His contention that said employés in charge of the train owed him the duty to give warning of their intention to move it was based on testimony showing it theretofore to have been the custom for appellant's employés to cross the main track as he was attempting to cross it, and for employés in charge of trains standing thereon before moving same to give warning of their intention to do so by ringing the bell or blowing the whistle of the locomotive. The appeal is from a judgment for $12,500 in appellee's favor.

John T. Suggs, of Denison, and Head, Smith, Maxey & Head, of Sherman, for appellant. A. L. Lewis, of Denison, and Hamp. P. Abney, and Jones & Hassell, all of Sherman, for appellee.

WILLSON, C. J. (after stating the facts as above). [1, 2] Unless it appeared as a matter of law that appellant was not liable to appellee for the injury he suffered, appellant's contention that the court erred when he refused to instruct the jury to find in its favor should be overruled. To our minds it clearly did not so appear. It was shown without dispute that long freight trains frequently were left standing on the main line track at the point where appellee attempted to cross same, and that during the 14 months appellee had been in appellant's service it had been the custom for employés, having occasion to go from one side of said track to the other side thereof while a train was standing thereon, to either climb over the cars or between same. It was further shown without dispute that always theretofore employés in charge of trains standing on the track before starting same had given warning of their intention to do so by blowing the whistle or ringing the bell of the locomotive. And it was further shown without dispute that on the occasion when appellee was injured the employés in charge of the train started it without either blowing the whistle or ringing the bell, or otherwise giving notice of their intention to start it. If appellant knew of the practice of its employés in the discharge of their duties to it of crossing between cars standing on the track as appellee attempted to do, and of the practice of giving warning before moving cars standing as those were, clearly it owed appellee the duty, on the occasion when he was injured, to use ordinary care to so manage its train as to avoid injuring him. We do not think appellant should have been heard to deny that it had knowledge of the manner in which its business in the respect stated had been conducted during the 14 months preceding the time when the accident occurred. If it owed appellee such a duty, then clearly the testimony showing that it started the train without first giving warning of its

intention to do so was sufficient to support a finding that it violated that duty, and therefore was guilty of negligence. Hall v. H. & T. C. Ry. Co., 125 S. W. 946, relied on in the argument and cited in appellant's brief as supporting its contention, was not like this case. It was not shown in that case that the plaintiff in attempting to pass between the cars was following a practice long prevailing in the defendant's yard, of which it was bound to take notice. "Not one iota of testimony," said the court in that case, "was offered that tended in the slightest degree to show that the employés engaged in switching the string of cars knew, or had any reason to expect, that deceased, an experienced railroad man, would undertake the dangerous and reckless act of climbing over between the cars when he knew they were liable to be moved at any moment. So far as the record shows, the employés handling the train were absolutely ignorant of any intention on the part of Hall to cross over between the cars. Having no knowledge of such intention, they owed no duty to him to act with that in view."

[3] The further contention, made in support of the assignment, that it appeared that the risk appellee incurred in attempting to cross between the cars was' one he had assumed, should not, we think, be sustained. Appellee did not assume risk arising from the negligence of other employés of appellant of which he had no knowledge. There is nothing in the record indicating that he had any reason to believe the employés in charge of the train would not pursue the practice which had been pursued during all the time he had worked for appellant, and before moving the train give warning of their intention to do so.

[4] In the sixth paragraph of his main charge the trial court instructed the jury as follows: "If you further believe from the evidence that plaintiff, in going to said rip track, was passing between two of the cars in said train of cars standing on said main track, and while he was in the act of swinging down from one of said cars defendant's employés in charge of said train of freight cars caused said train to give a sudden jerk which threw him on the ground and across the rail of said track, and that one of the wheels of said cars ran over plaintiff and he was thereby injured; and if you further believe from the evidence that it was the custom of defendant to stop freight trains upon its track between said carpenter shop and said rip track and leave same standing thereon, and for defendant's employés engaged in the service plaintiff was performing to cross between the cars standing on said main track, and that defendant through its officers and agents had notice of said custom, or in the exercise of ordinary care should have known thereof, if you find there was such a custom; and if you further believe from the evidence that plaintiff was exercising ordinary care

for his own safety at the time he sustained said injury, if any; and if you further believe from the evidence that the causing of said cars to be suddenly jerked by defendant's employés in charge of said train, if they did cause the same to be suddenly jerked, was negligence as that term has been defined to you, and was the direct and proximate cause of plaintiff's injury, if any—then you will find in favor of plaintiff, and assess his damages as hereinafter instructed, unless you find in favor of defendant under other instructions given you." It is insisted that the instruction just set out was erroneous because it authorized a finding that defendant was guilty of negligence if its employés started the train with a sudden jerk. Construed by itself, the instruction is subject to that objection. But construed, as it should be, in connection with other instructions given, the jury were not authorized, and reasonably could not have understood they were authorized, to find appellant guilty of negligence unless its employés in charge of the train not only started it with a sudden jerk, but also without first giving warning that they were about to start it. In the paragraph, seventh, following the sixth, the jury were distinctly told to find for appellant if they believed a signal was given that the train was about to be moved. Moreover, in a special charge given at appellant's request, the jury were told to find for it, even though they believed the employés in charge of the train failed to ring the bell or blow the whistle before starting it, if they further believed appellee, had the bell been rung or the whistle blown, would not have heard same, or if he had heard same, nevertheless would have attempted, as he did, to cross between the cars; and, in another special charge, given at appellant's request, they were told to find for it unless they believed "that the failure to ring the bell or give some warning or signal that the train was to be started before it was started was the direct and proximate cause of the injuries sustained by plaintiff, and that but for so starting the train the injuries would not have occurred." It is obvious, we think, that the jury could not have understood they were authorized to find appellant guilty of negligence merely because they believed the train was started with a sudden jerk.

There are other assignments than those presenting the contentions specified above, but we do not think any one of them suggests a reason why the judgment should be reversed.

As we view the testimony, it was amply sufficient to support the finding involved in the verdict that appellee, without fault on his part, was seriously and permanently injured as the result of negligence on the part of appellant as charged in the petition, and we do not think the judgment should be disturbed. Therefore it is affirmed.