BRONISLAW GRIJNUK, RESPONDENT, v. WILLIAM G. McADOO, DIRECTOR GENERAL, APPELLANT.

Argued June 17, 1920—Decided October 15, 1920.

On appeal from the Supreme Court, in which court the following *per curiam* was filed:

"The suit was instituted under the Federal Employers' Liability act, for damages consequent upon the death of a brother of the administratrix, and upon whom the jury might have found the plaintiff to have been dependent, so as to bring her within the provisions of the act. *Michigan C. R. R.* v. *Vreeland,* 227 *U. S.* 59; *In re Kenney,* 204 *U. S.* 497.

"The plaintiff was employed by defendant company to remove lamps from the rear of trains in the depot, and to fill them for future use. While engaged in this work, on a standing train at the depot in Jersey City, the train was suddenly, and without any notice to the employe, pushed back against the bumper and plaintiff's intestate was killed. This clearly indicated negligence in operation, because the deceased had a right to assume that the train, being in the depot at rest and practically up against the bumper, would go forward rather than backward, if it moved at all; and in any event would not be moved back without notice of some kind to an employe like deceased, who it must be assumed would be expected there to perform his work.

"We think the question was one of fact for the jury under all the cases involving questions of disputed facts regarding the performance of the duty imposed upon the master by law. We think the amendment allowed to the petition did not change in any material aspect the gravamen of the case so as to prejudice defendant in any material manner, and that the amendment in such circumstances is entirely a matter of sound discretion. *Koennecker* v. *Seaboard Air Line,* 239 *U. S.* 353.

"The judgment will be affirmed."

For the respondent, *Alexander Simpson*.

For the appellant, *Collins & Corbin*.

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion of the Supreme Court.

*For affirmance*—SWAYZE, BERGEN, KALISCH, KATZEN-BACH, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARD-NER, JJ. 9.

*For reversal*—None.

---

ELIZABETH HALBEISON, RESPONDENT, v. H. KEPPERS COMPANY, APPELLANT.

Submitted July 5, 1920—Decided October 15, 1920.

On appeal from the Supreme Court, in which court the following *per curiam* was filed:

"The writ in this case brings up for review a judgment of the Camden County Court of Common Pleas for compensation under our Workmen's Compensation act on account of the death of Charles J. Halbeison, Junior, an employe of H. Keppers Company.

"Every element necessary to support the judgment was admitted in the court below except dependency; in other words, the sole question submitted to the court below was whether or not there were dependents of the decedent's, and that is the sole question argued here. The record shows that it was also agreed that while the mother was the petitioner, any award made should be made in favor of the father.