[Civ. No. 7222. First Appellate District, Division One.—December 9, 1930.]

FRANK P. McCOMB, Respondent, v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY (a Corporation), Appellant.

Robert Brennan, M. W. Reed, E. T. Lucey, Leo E. Sievert and H. K. Lockwood for Appellant.

John J. McMahon, James F. Brennan and P. J. Murphy for Respondent.

THE COURT.—The respondent Frank P. McComb was a switchman in the employ of appellant, the Atchison, Topeka & Santa Fe Railway Company, a corporation. In the course of switching operations at the Richmond yards of the company near San Francisco, and while freight-cars were being switched by the engine crew of which respondent was a member, he went between the cars to couple the air-hose. While so doing six other freight-cars were switched against the cars between which respondent was working, causing them to move. As the result the trucks of one of the cars ran over respondent's left leg, necessitating its amputation.

Respondent alleged that his injuries were caused by appellant's negligence. The latter denied negligence and pleaded in defense respondent's contributory negligence and assumption of risk.

A jury having returned a verdict in favor of respondent, appellant moved for a new trial, which was denied, and it has appealed from the judgment.

Appellant contends that the evidence is insufficient to justify the verdict and that the trial court erred in denying its motions for a nonsuit, a directed verdict and a new trial.

Respondent was injured at about 10:45 A. M. on May 4, 1927. He was working under the orders of a foreman, who also directed the movements of the locomotive which was shunting the cars. Respondent testified that on this occasion he was ordered to couple the air-hose on a designated number of cars, and that while making such couplings

it was impossible to observe the switching movements in the railroad yard. He also testified in substance that the foreman had previously told him that when performing this character of work he would receive what railway employees call a tab or lineup, which indicated the tracks upon which cars are to be placed and the order in which they are to be moved; and that otherwise he would be warned before the cars were moved. He further testified that it was the practice to give warning under such circumstances unless a tab or lineup was furnished; that he received none, and, following instructions, proceeded to make the couplings, when without warning the six cars mentioned were shunted against those between which he was working, with force sufficient to move them for a considerable distance; that the impact threw him upon the rails and that his injuries followed. The foreman denied that he agreed to furnish a tab or lineup, or that he agreed to warn respondent. He, with other employees of appellant, also testified that it was not customary to furnish a lineup or give warnings, and further, that the cars were not shunted violently as claimed by respondent.

The testimony as to the conditions in the railroad yard and what was said and done previous to the accident was voluminous, and a review thereof will serve no useful purpose. It will be sufficient to say that the evidence, though conflicting, was amply sufficient to support plaintiff's version of the affiair. The jury believed, and were justified in believing, his testimony, and their findings thereon cannot be disturbed.

Nor can the contention be sustained that the plaintiff's testimony that it was the practice in the Richmond yard to give warning to employees unless a tab or lineup was furnished was insufficient to support a finding to that effect. The rule is well established that the testimony of one witness if believed by the jury is sufficient to prove a custom or usage (*Robinson* v. *United States*, 13 Wall. (80 U. S.) 363, 366 [20 L. Ed. 653, see, also, Rose's U. S. Notes]; *Partridge* v. *Forsyth*, 29 Ala. 203; *Jones* v. *Herrick*, 141 Iowa, 615 [118 N. W. 444]; *Vail* v. *Rice*, 5 N. Y. 155, 157; *Gleason* v. *Metropolitan St. R. Co.*, 99 App. Div. 209 [90 N. Y. Supp. 1025, 1026]).

In *Jones* v. *Hoey*, 128 Mass. 585, the court said " . . . There can be no doubt at the present day that the circumstance that but one witness testifies to a usage is important only as bearing upon the credibility and satisfactoriness of his testimony in point of fact, and does not affect its competency or its sufficiency as a matter of law." The same rule was followed in *McDonough* v. *Boston Elevated R. Co.*, 191 Mass. 509 [78 N. E. 141]. As stated by Dean Wigmore in his work on Evidence, section 2053: "The view has been occasionally advanced that a single witness is insufficient to prove the existence of a custom or usage. . . . This rule would today probably not be recognized by any court except by express statute."

█ While, as urged by appellant, there was nothing unusually hazardous or unsafe in connection with the work done in the railroad yard, it being shown that the plaintiff was instructed when his employment commenced that under the conditions described above he would receive warnings of the movements of cars unless a tab or lineup was furnished, and also that warnings were usual under such circumstances, he had a right to assume that a warning would be given (39 Cor. Jur., Master and Servant, sec. 573, p. 458, and cases cited); and a failure to give such warning by those in charge of the work constituted negligence (39 Cor. Jur., Master and Servant, sec. 575, p. 459; *Missouri etc. R. Co.* v. *Dereberry*, (Tex. Civ. App.) 167 S. W. 30; *St. Louis etc. R. Co.* v. *Dupree*, 84 Ark. 377 [120 Am. St. Rep. 74, 105 S. W. 878]; *Hogan* v. *Crane Co.*, 259 Ill. 47 [102 N. E. 215]; *Russell* v. *Chicago etc. R. Co.*, 160 Iowa, 503 [141 N. W. 1077]; *Winkler* v. *St. Louis Terminal etc. Assn.*, 206 Mo. 224 [227 S. W. 625]; *Grijnuk* v. *McAdoo*, 95 N. J. L. 256 [113 Atl. 920]; *Pinckney* v. *Atlantic etc. R. Co.*, 92 S. C. 528 [75 S. E. 964]; *Atchison etc. R. Co.* v. *Mills*, 49 Tex. Civ. App. 349 [108 S. W. 480]; *Southern R. Co.* v. *Darnell's Admx.*, 114 Va. 312 [76 S. E. 291]; *Holman* v. *St. Louis-San Francisco R. Co.*, 312 Mo. 342 [278 S. W. 1000]).

█ It is further contended that plaintiff's testimony as to the force with which the cars were struck and the distance they were moved by the impact was incompetent. This claim is based upon the admitted fact that plaintiff was severely injured and suffering great pain; and it is urged

that he was consequently not in a condition to make accurate observations. These facts went to the weight and not to the competency of his testimony, and the question of the credit to be given thereto was for the jury (*Shimoda* v. *Bundy,* 24 Cal. App. 675 [142 Pac. 109]).

It is also claimed that plaintiff assumed the risk of the dangers attending upon his work; that those dangers were known and appreciated by him, and that he assumed the risk thereof notwithstanding any assurances given him by the foreman. While plaintiff knew and appreciated the dangers of his position in case cars were switched without warning, nevertheless in view of the facts and under the circumstances above stated he had the right to rely upon a warning being given; and, so far as appears, he was not lacking in due care for his own safety. An employee who places himself in a position of danger does not thereby necessarily assume the risk of injury from the want of care of his employer. He has the right to act upon the presumption that the master will exercise ordinary care in the conduct of his business to prevent anything being done which will increase the danger incident to the employment (*Morgan* v. *J. W. Robinson Co.,* 157 Cal. 348 [107 Pac. 695]); and the question whether he assumed the risk was one for the jury (*Hennesey* v. *Bingham,* 125 Cal. 627 [58 Pac. 200]; *Morgan* v. *J. W. Robinson Co., supra*).

It is also urged by defendant in the same connection that plaintiff failed to observe a rule of the company requiring employees on or about cars or trains in the yard to place thereon a blue light at night as a warning to advise other employees that such work is being done; or, if the light be omitted, to advise enginemen and the crew that the cars were not to be moved until the completion of the work. According to the plaintiff—and in this he was corroborated by the yardmaster—no such lights were provided or used in the yard; and the requirement that the other employees be advised had never been enforced or observed. The yardmaster also testified in substance that the observance of the rule was impractical. Under such circumstances a failure to observe a rule of the company is no defense to an action by an employee (*St. Louis etc. R. Co.* v. *Caraway,* 77 Ark. 405 [91 S. W. 749]; *Fluhrer* v. *Lake Shore etc. R. Co.,* 124 Mich. 482 [83 N. W. 149]; *Finnegan* v. *Missouri*

*Pac. Ry. Co.*, 261 Mo. 481 [169 S. W. 969]; *Cincinnati etc. R. Co.* v. *Lovell's Admr.*, 141 Ky. 249 [47. L. R. A. (N. S.) 909, 132 S. W. 569]; *Canon* v. *Chicago etc. R. Co.*, 101 Iowa, 613 [70 N. W. 755]; *Young* v. *Lusk*, 268 Mo. 625 [187 S. W. 849]; *Anable* v. *New York Cent. etc. R. Co.*, 138 App. Div. 380 [122 N. Y. Supp. 713]).

■ There is no merit in the further contention that in order to avail himself of the promise, express or implied, to warn him of danger he must have made a complaint of existing conditions and continued in his employment in reliance upon his employer's assurances. In the present case there was no occasion for complaint prior to the accident as there was no reason for plaintiff to assume that his employer would fail to give warning of the approach of danger.

■ Lastly, it is charged that there being a failure to prove actionable negligence the verdict of the jury was contrary to law, and that the court erred in denying defendant's motion for a nonsuit, a directed verdict and a new trial. We are satisfied for the reasons stated that the facts show actionable negligence on the part of the defendant; that the conclusion of the jury was fully sustained and that the several motions by defendant were properly denied.

The judgment is affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 8, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 5, 1931.